The opinion of the court was delivered by
Gibson, J.
I can see no reason for rejecting the partnership books, after proof had been made of the admission by Abraham Landis, that he had at one time been interested in the firm of Kalbach and Landis, and that the first entry in those books had been occasioned by his having received a dividend of the profits. I grant, that to connect him with the firm, proof extrinsic to the books ought first to be made, and that his admission of an interest in the concern was not free from all ambiguity. But it was to remove that difficulty, by the production of. something to which he had directly referred, and not as original evidence of partnership, that the books were offered. He had admitted a connexion of some soi’t with the firm; under which he had received a dividend of eleven hundred dollars, which appeared on the books; and that *240 the entry had been made in consequence of his having; been thus interested. Can it be doubted, then, that the books were evidence to explain the nature of his interest, and show the extent of his admission? By the avowal of a connexion with the firm, which authorized the introduction of his name into the partnership books, as a party beneficially interested, he made those books his own, and rendered them competent evidence against himself. But granting that all he said must be taken together, yet that is conclusive only on the court, as to the competency of every part of an admission, and not on the jury, who, if their consciences be satisfied by circumstances aliunde, may disregard those parts of a confession, which go to avoid the effect which the other parts of it would otherwise have. It is immaterial, therefore, to the competency of the hooks, that. Jlbruham Landis at the same time asserted, that his connexion with the firm had ceased, before delivery of the notes, which are the foundation of the action. But even admitting his assertion to bo true, he might nevertheless be liable, under circumstances, on the ground of that connexion: as, if the plaintiffs had dealt with the firm, and had not had notice of any change or dissolution of the partnership. It is clear, then, that the books having been spoken of by Jlbruham Landis, in reference to a connexion between h:m and the firm, were competent evidence as part of his admission, to show the existence of the partnership which the plaintiffs sought to establish.
Exceptions are also taken to the charge, none of which is sus-' tained except one. The jury should have been permitted to judge of the meaning of the admission by Jlbruham Landis, that he had an interest in the concern, and this rather seems to have been withdrawn from them: but the judgment is reversed, mainly on the ground of the exception to the evidence.
Judgment reversed, and a venire facias de novo awarded.